1   THOMAS P. HOLT, WSBA #39722         The Honorable Salvador Mendoza, Jr.
     BIRGITTE M. GINGOLD, WSBA #50630              Trial Date:
2   LITTLER MENDELSON, P.C.
     One Union Square
3   600 University Street, Suite 3200
     Seattle, WA 98101.3122
4   Telephone: 206.623.3300
     Fax: 206.447.6965

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES BULLOCK,<br><br>          Plaintiff,<br><br>  v.<br><br>PROVIDENCE HEALTH AND SERVICES, PROVIDENCE SACRED HEART MEDICAL CENTER,<br><br>          Defendants. | Case No. 2:20-cv-00455-SMJ<br><br>**DEFENDANT'S ANSWERS, DEFENSES AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES** |

Providence Health & Services – Washington[1] ("Defendant" or "Providence") by and through its counsel of record, hereby answers the Complaint filed by James Bullock, and responds to the corresponding paragraphs as follows:

## I.   THE PARTIES TO THIS COMPLAINT

A.   Answering Paragraph 1A of Plaintiff's Complaint ("the Complaint"), Defendant lacks sufficient knowledge to form a belief as to the truth or falsity regarding Plaintiff's current address, and therefore denies the allegations contained therein.

B.   Answering Paragraph 1B of Plaintiff's Complaint, Defendant denies that Providence Health & Services and Providence Sacred Heart Medical Center

---

[1] Plaintiff's case caption, as provided in his Complaint filed with Spokane Superior Court, erroneously lists "Providence Health and Services" and "Providence Sacred Heart Medical Center" as two separate entities, however, Providence Health & Services—Washington does business as Providence Sacred Heart Medical Center (PSHMC).

ANSWER - 1

("PSHMC") are separate entities.  Providence Heath & Services—Washington owns and operates Providence Sacred Heart Medical Center (referred collectively herein as "Providence").  Defendant admits PSHMC is located at 101 W 8th Ave, Spokane WA 99204.  Except as specifically admitted, Defendant denies each and every allegation in Paragraph 1B.

## II.    JURISDICTION & VENUE

2.1    Answering Paragraph 2.1 of the Complaint, Defendant admits that Plaintiff has alleged violations of federal and state laws, over which the U.S. District Court for the Eastern District of Washington has jurisdiction.  Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 2.1.

2.2    Answering Paragraph 2.2 of Plaintiff's Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth or falsity regarding Plaintiff's current or former residence, and therefore denies each and every allegation contained therein.

2.3    Answering Paragraph 2.3 of Plaintiff's Complaint, Defendant admits Providence Health & Services—Washington does business as PSHMC.  Defendant further admits that Providence St. Joseph Health is the parent company of Providence Health & Services—Washington and that Providence Health & Services and St. Joseph Health System merged in 2016.  Defendant further admits that Providence St. Joseph Health is the parent company of regional entities that operate medical facilities in Washington, Oregon, Idaho, Alaska, New Mexico, Montana, Texas, and California. Defendant further admits that Rod Hochman is the President and CEO of Providence St. Joseph Health (Providence Health & Services and St. Joseph Health System). Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 2.3.

ANSWER - 2

2.4     Answering Paragraph 2.4 of Plaintiff's Complaint, Defendant admits the entire Providence system employed approximately 120,000 employees in 2019. Defendant denies that PSHMC had approximately 4,000 employments in 2019 and affirmatively states that PSHMC currently employs about 5,600 employees.  Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 2.4.

2.5     Answering Paragraph 2.5 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

2.6     Answering Paragraph 2.6 of Plaintiff's Complaint, Defendant responds this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits the FDA's website[2] indicates three federal agencies are responsible for CLIA: The Food and Drug Administration (FDA), Center for Medicaid Services (CMS), and the Centers for Disease Control and Prevention (CDC).

2.7     Answering Paragraph 2.7 of Plaintiff's Complaint, Defendant admits that Providence Health & Services previously owned Pathology Associates Medical Laboratories (PAML), located in Spokane, Washington.  Defendant further admits that in or around 2017, Laboratory Corporation of America Holdings ("LabCorp") acquired PAML.  Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 2.7.

2.8     Answering Paragraph 2.8 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

---

[2] See the FDA's Clinical Laboratory Improvement Amendments (CLIA) website (https://www.fda.gov/medical-devices/ivd-regulatory-assistance/clinical-laboratory-improvement-amendments-clia#:~:text=Three%20federal%20agencies%20are%20responsible,in%20assuring%20quality%20laboratory%20testing), last accessed 12/14/2020.

ANSWER - 3

1         2.8.1  Answering  Paragraph  2.8.1  of  Plaintiff's  Complaint,  Defendant

2  does  not  dispute  the  U.S.  District  Court  for  the  Eastern  District  of  Washington  at

3  Spokane  is  the  proper  venue.  Except  as  specifically  admitted,  Defendant  denies  each

4  and  every  allegation  contained  in  Paragraph  2.8.1.

5         2.8.2  Answering  Paragraph  2.8.2  of  Plaintiff's  Complaint,  Defendant

6  does  not  dispute  the  U.S.  District  Court  for  the  Eastern  District  of  Washington  at

7  Spokane  is  the  proper  venue.  Except  as  specifically  admitted,  Defendant  denies  each

8  and  every  allegation  contained  in  Paragraph  2.8.2.

9         2.8.3  Answering  Paragraph  2.8.3  of  Plaintiff's  Complaint,  Defendant

10  does  not  dispute  the  U.S.  District  Court  for  the  Eastern  District  of  Washington  at

11  Spokane  is  the  proper  venue.

12       2.9  Answering  Paragraph  2.9  of  Plaintiff's  Complaint,  Defendant  denies  each

13  and  every  allegation  contained  therein.

14       2.10  Answering  Paragraph  2.10  of  Plaintiff's  Complaint,  Defendant  admits

15  PSHMC  currently  employs  Michael  Finch  as  a  Laboratory  Operations  Manager,  and

16  that  he  primarily  works  out  of  Spokane,  Washington.  Except  as  specifically  admitted,

17  Defendant  denies  each  and  every  allegation  contained  in  Paragraph  2.10.

18       2.11  Answering  Paragraph  2.11  of  Plaintiff's  Complaint,  Defendant  denies  each

19  and  every  allegation  contained  therein.

20       2.12  Answering  Paragraph  2.12  of  Plaintiff's  Complaint,  Defendant  admits

21  PSHMC  has  employed  Jason  Ammons  as  the  laboratory  supervisor  within  the

22  Microbiology  department  for  the  past  five  years  and  that  he  primarily  works  out  of

23  Spokane,  Washington.  Except  as  specifically  admitted,  Defendant  denies  each  and

24  every  allegation  contained  in  Paragraph  2.12.

25       2.13  Answering  Paragraph  2.13  of  Plaintiff's  Complaint,  Defendant  admits  it

26  employs  Mr.  Ammons  as  the  Laboratory  Supervisor  within  the  Microbiology

ANSWER - 4

1  department.   Except as specifically admitted, Defendant denies each and every

2  allegation contained in Paragraph 2.13.

3         2.14   Answering Paragraph 2.14 of Plaintiff's Complaint, Defendant admits

4  PSHMC has employed Bobbie Halverson as a Lab Assistant for over 14 years.  Except

5  as specifically admitted, Defendant denies each and every allegation contained therein.

6         2.15   Answering Paragraph 2.15 of Plaintiff's Complaint, Defendant admits it

7  employs Ms. Halverson as a Laboratory Assistant.  Except as specifically admitted,

8  Defendant denies each and every allegation contained in Paragraph 2.15.

9         2.16   Answering Paragraph 2.16 of Plaintiff's Complaint, Defendant admits

10  Llyn Weedmark is a current employee at PSHMC as a Medical Technician working

11  primarily out of Spokane, Washington.  Except as specifically admitted, Defendant

12  denies each and every allegation contained in Paragraph 2.16.

13        2.17   Answering Paragraph 2.17 of Plaintiff's Complaint, Defendant denies each

14  and every allegation contained therein.

15        2.18   Answering Paragraph 2.18 of Plaintiff's Complaint, Defendant admits

16  Abigail Moody is a current employee at PSHMC as a Medical Technician working

17  primarily out of Spokane, Washington. Except as specifically admitted, Defendant

18  denies each and every allegation contained therein.

19        2.19   Answering Paragraph 2.19 of Plaintiff's Complaint, Defendant denies each

20  and every allegation contained therein.

21        2.20   Answering Paragraph 2.20 of Plaintiff's Complaint, Defendant does not

22  dispute that the U.S. District Court for the Eastern District of Washington properly

23  exercises jurisdiction over this case.  Except as specifically admitted, Defendant denies

24  each and every allegation contained in Paragraph 2.20.

25        2.21   Answering Paragraph 2.21 of Plaintiff's Complaint, Defendant admits

26  Providence Health & Services—Washington owns and operates PSHMC.  Except as

ANSWER - 5

specifically admitted, Defendant denies each and every allegation contained in Paragraph 2.21.

### III.    STATEMENT OF CLAIM

3.1    Answering Paragraph 3.1 of Plaintiff's Complaint, Defendant admits Providence St. Joseph Health is the parent corporation to Providence Health & Services—Washington, which owns and operates PSHMC.  Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 3.1.

### IV.    FACTUAL ALLEGATIONS

4.1    Answering Paragraph 4.1 of Plaintiff's Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth or falsity regarding Plaintiff's employment at PAML as Providence does not have access to PAML employee files, and therefore denies each and every allegation therein.

4.1.1 Answering Paragraph 4.1.1 of Plaintiff's Complaint, Defendant admits that in 2015, Providence Health & Services owned PAML. Defendant further admits that Providence Health & Services—Washington owns and operates PSHMC. Defendant further admits St. Luke's Rehabilitation Institute was affiliated with Providence Health & Services—Washington in 2015. Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 4.1.1.

4.2    Answering Paragraph 4.2 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.3    Answering Paragraph 4.3 of Plaintiff's Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations and therefore denies each and every allegation contained therein.

4.3.1 Answering Paragraph 4.3.1. of Plaintiff's Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations and therefore denies each and every allegation contained therein.

LITTLER MENDELSON, P.C.

4.3.2  Answering Paragraph 4.3.2 of Plaintiff's Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations and therefore denies each and every allegation contained therein.

4.3.3  Answering Paragraph 4.3.3 of Plaintiff's Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations and therefore denies each and every allegation contained therein.

4.3.4  Answering Paragraph 4.3.4 of Plaintiff's Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations and therefore denies each and every allegation contained therein.

4.4    Answering Paragraph 4.4 of Plaintiff's Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations and therefore denies each and every allegation contained therein.

4.5    Answering Paragraph 4.5 of Plaintiff's Complaint, Defendant admits PSHMC hired Plaintiff on or around August 19, 2019. Defendant further admits it terminated Plaintiff's employment effective November 1, 2019.  Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 4.5.

4.6    Answering Paragraph 4.6 of Plaintiff's Complaint, Defendant admits Plaintiff applied for a part-time Laboratory Assistant position, job ID 231139, on July 15, 2019.  Defendant further admits Jason Ammons was the hiring supervisor and that Plaintiff was hired for this position. Defendant further admits Plaintiff applied for two other positions on July 19, 2019 and July 26, 2019 within the Microbiology Department. Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 4.6.

4.7    Answering Paragraph 4.7 of Plaintiff's Complaint, Defendant admits  that standard hiring practices includes soliciting references from applicants.   Except as

ANSWER - 7

specifically admitted, Defendant denies each and every allegation contained in Paragraph 4.7.

4.8    Answering Paragraph 4.8 of Plaintiff's Complaint, Defendant admits that prior to hiring Plaintiff, Plaintiff was required to complete pre-employment tasks as part of Providence's normal hiring process; however, upon information and belief, this process was performed by a third party provider at the time.  Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 4.8.

4.8.1 Answering Paragraph 4.8.1 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.9    Answering Paragraph 4.9 of Plaintiff's Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations, as Swathi Sridhar is not a Providence employee, and therefore denies each and every allegation contained therein.

4.10   Answering Paragraph 4.10 of Plaintiff's Complaint, Defendant admits that in or around August of 2019, Plaintiff passed Defendant's pre-employment verification checks and was hired as a part-time Laboratory Assistant.  Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 4.10.

4.11   Answering Paragraph 4.11 of Plaintiff's Complaint, Defendant admits PSHMC provides access to Cerner technology services at time of hire for employees within the Microbiology Department. Defendant further admits Plaintiff's Cerner username was "bullockj."  Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 4.11.

4.11.1 Answering Paragraph 4.11.1 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.12   Answering Paragraph 4.12 of Plaintiff's Complaint, Defendant admits Cerner is a laboratory database that houses sensitive and confidential patient care data

ANSWER - 8

and is shared with other providers and other databases.  Defendant further admits Mr. Ammons receives emails regarding Cerner access for all new hires within the Microbiology Department. As to the remaining allegations, Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations and therefore denies the remaining allegations on that basis.

4.12.1 Answering Paragraph 4.12.1 of Plaintiff's Complaint, Defendant admits that upon information and belief, employees within the Microbiology Department hired prior to 2019 were provided Cerner usernames that include their employee ID preceded by a "P" ("p numbers") and that employees hired in and after 2019 were provided usernames that correspond with their employee email addresses. Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 4.12.1.

4.12.2 Answering Paragraph 4.12.2 of Plaintiff's Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations and therefore denies each and every allegation on that basis.

4.12.3 Answering Paragraph 4.12.3 of Plaintiff's Complaint, Defendant admits that other employees outside of Plaintiff's protected class were given Cerner usernames that do not include p numbers and that Zach Zeigler was one such employee. Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 4.12.3.

4.12.4 Answering Paragraph 4.12.4 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.12.5 Answer Paragraph 4.12.5 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.13   Answering Paragraph 4.13 of Plaintiff's Complaint, Defendant responds that Providence's Caregiver Orientation Guide book speaks for itself.   Except as

ANSWER - 9

1  specifically admitted, Defendant denies each and every allegation contained in
2  Paragraph 4.13.

3      4.14   Answering Paragraph 4.14 of Plaintiff's Complaint, Defendant lacks
4  sufficient knowledge to form a belief as to the truth or falsity of the allegations regarding
5  legislative action in the Pennsylvania state legislature and therefore denies each and
6  every allegation contained in Paragraph 4.14.

7      4.15   Answering Paragraph 4.15 of Plaintiff's Complaint, Defendant denies each
8  and every allegation contained therein.

9        4.15.1 Answering Paragraph 4.15.1 of Plaintiff's Complaint, Defendant
10  denies each and every allegation contained therein.

11      4.16   Answering Paragraph 4.16 of Plaintiff's Complaint, Defendant denies each
12  and every allegation contained therein.

13        4.16.1 Answering Paragraph 4.16.1 of Plaintiff's Complaint, Defendant
14  admits employees may sometimes send emails when looking for inventory, however,
15  Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the
16  specific email referenced and therefore denies each and every allegation on that basis.

17        4.16.2 Answering Paragraph 4.16.2 of Plaintiff's Complaint, Defendant
18  admits employees may sometime send emails when looking for inventory, however,
19  Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the
20  specific email referenced and therefore denies each and every allegation on that basis.

21        4.16.3 Answering Paragraph 4.16.3 of Plaintiff's Complaint, Defendant
22  admits employees may sometime send emails when looking for inventory, however,
23  Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the
24  specific email referenced and therefore denies each and every allegation on that basis.

25      4.17   Answering Paragraph 4.17 of Plaintiff's Complaint, Defendant admits that
26  on or around August 19, 2019, PSHMC hired Plaintiff as a part-time Laboratory

ANSWER - 10

Assistant and that he attended orientation and training. Except as specifically admitted, Defendant denies each and every allegation in Paragraph 4.17.

4.18    Answering Paragraph 4.18 of Plaintiff's Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations and therefore denies each and every allegation on that basis.

4.19    Answering Paragraph 4.19 of Plaintiff's Complaint, Defendant admits all employees in the Microbiology Department are required to sign "Documentation of Employee Unique Identifiers," which includes the employee's name, signature, and initials. Defendant further admits Mr. Ammons provided the sheet to Plaintiff, and that Plaintiff alerted him that Plaintiff's name was misspelled.  Mr. Ammons immediately corrected the misspelling.  Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 4.19.

4.20    Answering Paragraph 4.20 of Plaintiff's Complaint, Defendant admits all Laboratory Assistants are required to complete training and perform laboratory processing, quality control, and freight tasks simultaneously. Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 4.20.

4.21    Answering Paragraph 4.21 of Plaintiff's Complaint, Defendant admits all Laboratory Assistants are required to complete training and perform laboratory processing, quality control, and freight tasks simultaneously.  Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 4.21.

4.22    Answering Paragraph 4.22 of Plaintiff's Complaint, Defendant admits Successfactors.com is a portal Providence uses for goal setting, employee reviews, and recognition. Defendant otherwise lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations regarding whether Plaintiff received an email from "successfactors.com" on September 7, 2019, and therefore denies each and every allegation contained therein on this basis.

ANSWER - 11

4.23   Answering Paragraph 4.23 of Plaintiff's Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations and therefore denies each and every allegation on that basis.

4.24   Answering Paragraph 4.24 of Plaintiff's Complaint, Defendant admits Michael Finch was the Laboratory Manager.   Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 4.24.

4.25   Answering Paragraph 4.25 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.26   Answering Paragraph 4.26 of Plaintiff's Complaint, Defendant admits Plaintiff met with Jason Ammons on September 25, 2019 to discuss labeling blood cultures with the correct labels after he had put the wrong patient's label on the bottle. Mr. Ammons explained how this affects patient care and that this could not happen. Mr. Ammons had given Plaintiff verbal coaching on this prior to this meeting and prior to September 23, 2019.  Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 4.26.

4.27   Answering Paragraph 4.27 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.28   Answering Paragraph 4.28 of Plaintiff's Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations and therefore denies each and every allegation on this basis.

4.28.1 Answering Paragraph 4.28.1. of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.29   Answering Paragraph 4.29 of Plaintiff's Complaint, Defendant admits that Mr. Ammons met with Plaintiff several times between September and October 2019 to discuss his failure to properly label blood cultures, delay of cultures for processing, a missed stool sample, receiving urine cultures under the correct culture number, and

ANSWER - 12

various other errors he made on other samples. Defendant further admits that during at least one of these meetings, Plaintiff mentioned discrepancies between the laboratory procedure binder and laboratory practice, to which Mr. Ammons instructed Plaintiff to follow laboratory practices because the binder was in need of updating. Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 4.29.

4.29.1 Answering Paragraph 4.29.1 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.29.2  Answering Paragraph 4.29.2 of Plaintiff's Complaint, Defendant admits that Mr. Ammons instructed Plaintiff to follow laboratory procedures, including trainers' instructions.  Defendant further admits Mr. Ammons instructed Plaintiff to use the outside thermometer because it was certified to be accurate.  Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 4.29.2.

4.30   Answering Paragraph 4.30 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.31   Answering Paragraph 4.31 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.32   Answering Paragraph 4.32 of Plaintiff's Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation regarding Plaintiff permitting another employee to send an email under his username and therefore denies the allegation on that basis.  Defendant otherwise denies each and every other allegation contained in Paragraph 4.32.

4.33   Answering Paragraph 4.33 of Plaintiff's Complaint, Defendant admits Mr. Ammons advised Plaintiff to follow laboratory procedure and training rather than rely on the laboratory binder, which was in need of updating at the time. Except as

ANSWER - 13

specifically admitted, Defendant denies each and every allegation contained in Paragraph 4.33.

4.34    Answering Paragraph 4.34 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.35    Answering Paragraph 4.35 of Plaintiff's Complaint, Defendant admits that Beth Bromme resigned from her employment to pursue a new job, specifically teaching English in Spain. Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 4.35.

4.36    Answering Paragraph 4.36 of Plaintiff's Complaint, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein.

4.37    Answering Paragraph 4.37 of Plaintiff's Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations and therefore denies each and every allegation on that basis.

4.38    Answering Paragraph 4.38 of Plaintiff's Complaint, Defendant admits Plaintiff made a number of errors between September and October of 2019, and that Ms. Halverson, as his trainer, informed him of these errors. Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 4.38.

4.38.1 Answering Paragraph 4.38.1 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.38.2 Answering Paragraph 4.38.2 of Plaintiff's Complaint, Defendant admits that Mr. Ammons instructed Plaintiff not to follow some of the procedures in the laboratory binder as they were in need of updating.  Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 4.38.2.

LITTLER MENDELSON, P.C.

4.39    Answering Paragraph 4.39 of Plaintiff's Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations and therefore denies each and every allegation contained therein on this basis.

4.40    Answering Paragraph 4.40 of Plaintiff's Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations and therefore denies each and every allegation contained therein on this basis.

4.41    Answering Paragraph 4.41 of Plaintiff's Complaint, Defendant admits that on October 9, 2019, Abigail Moody sent Plaintiff, Mr. Ammons, and Jennifer Baldwin-Booney an email indicating Plaintiff had missed a gram stain on a stool test.  Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 4.41.

4.41.1  Answering Paragraph 4.41.1 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.41.2  Answering Paragraph 4.41.2 of Plaintiff's Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations and therefore denies each and every allegation contained therein on this basis.

4.42    Answering Paragraph 4.42 of Plaintiff's Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations and therefore denies each and every allegation contained therein on this basis.

4.43    Answering Paragraph 4.43 of Plaintiff's Complaint, Defendant admits Mr. Ammons sends emails to all Microbiology Department employees reminding them to complete their annual tuberculosis tests by their birthday.  This is Company policy, and employees are instructed to inform Employee Health regarding the status of their immunization.  Except as specifically admitted, Defendant further denies each and every allegation contained in Paragraph 4.43.

ANSWER - 15

4.43.1 Answering Paragraph 4.43.1 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.44   Answering Paragraph 4.44 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.45   Answering Paragraph 4.45 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.46   Answering Paragraph 4.46 of Plaintiff's Complaint, Defendant asserts this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 4.46.

4.46.1 Answering Paragraph 4.46.1 of Plaintiff's Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations and therefore denies each and every allegation contained therein.

4.47   Answering Paragraph 4.47 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.48   Answering Paragraph 4.48 of Plaintiff's Complaint, Defendant admits Plaintiff was not required to inform Mr. Ammons regarding the status of his immunization. Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 4.48.

4.49   Answering Paragraph 4.49 of Plaintiff's Complaint, Defendant admits all Laboratory Assistants, including Plaintiff and Ms. Halverson, were responsible for processing specimens, freight duties, stocking, ordering, inventory control, equipment cleaning and maintenance, garbage disposal, and material management within the laboratory. Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 4.49.

ANSWER - 16

4.50    Answering Paragraph 4.50 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.51    Answering Paragraph 4.50 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.51.1 Answering Paragraph 4.50.1 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.52    Answering Paragraph 4.52 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations and denies each and every allegation therein on this basis.

4.53    Answering Paragraph 4.53 of Plaintiff's Complaint, Defendant responds this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

4.53.1 Answering Paragraph 4.53.1 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.53.2 Answering Paragraph 4.53.2 of Plaintiff's Complaint, Defendant admits 42 CFR § 493.1232 speaks for itself.  Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 4.53.2.

4.54    Answering Paragraph 4.54 of Plaintiff's Complaint, Defendant admits 42 CFR §493.1239 speaks for itself.  Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 4.54.

4.55    Answering Paragraph 4.55 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.55.1 Answering Paragraph 4.55.1 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

ANSWER - 17

1         4.55.2 Answering Paragraph 4.55.2 of Plaintiff's Complaint, Defendant

2    denies each and every allegation contained therein.

3         4.56    Answering Paragraph 4.56 of Plaintiff's Complaint, Defendant denies each

4    and every allegation contained therein.

5         4.57    Answering Paragraph 4.57 of Plaintiff's Complaint, Defendant denies each

6    and every allegation contained therein.

7         4.58    Answering Paragraph 4.58 of Plaintiff's Complaint, Defendant denies each

8    and every allegation contained therein.

9         4.59    Answering Paragraph 4.59 of Plaintiff's Complaint, Defendant admits Mr.

10    Ammons sends check-in invites to all employees in the Microbiology Department team

11    every few weeks. It is possible Mr. Ammon rescheduled the meeting request he sent to

12    Plaintiff. Except as specifically admitted, Defendant denies each and every allegation

13    contained in Paragraph 4.59.

14         4.60    Answering Paragraph 4.60 of Plaintiff's Complaint, Defendant admits Ms.

15    Halverson informed Plaintiff that he was improperly rotating freight within the storage

16    room, such that he was putting new stock in front of old stock. Except as specifically

17    admitted, Defendant denies each and every allegation contained in Paragraph 4.60.

18         4.61    Answering Paragraph 4.61 of Plaintiff's Complaint, Defendant lacks

19    sufficient knowledge regarding the October 21, 2019 email to form a belief as to the

20    truth or falsity of whether it was sent and by whom. Defendant otherwise denies each

21    and every allegation contained in Paragraph 4.61.

22         4.62    Answering Paragraph 4.62 of Plaintiff's Complaint, Defendant lacks

23    sufficient knowledge or information to form a belief regarding the truth or falsity of the

24    allegations and denies each and every allegation therein on this basis.

25

26

ANSWER - 18

4.62.1 Answering Paragraph 4.62.1 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations and denies each and every allegation therein on this basis.

4.62.2 Answering Paragraph 4.62.2 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.63    Answering Paragraph 4.63 of Plaintiff's Complaint, Defendant admits Ms. Halverson told Plaintiff he needed to inform the medical technician present when he leaves the laboratory, as is standard practice. Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 4.63.

4.63.1 Answering Paragraph 4.63.1 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.63.2 Answering Paragraph 4.63.2 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.64    Answering Paragraph 4.64 of Plaintiff's Complaint, Defendant admits that on or around October 22, 2019, Ms. Halverson informed Plaintiff he had missed logging in two urine specimens. Defendant further admits that on October 22, 2019, Mr. Ammons again spoke with Plaintiff about his failure to receive urine cultures under the correct labeling number.  Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 4.64.

4.65    Answering Paragraph 4.65 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.66    Answering Paragraph 4.66 of Plaintiff's Complaint, Defendant admits Mr. Ammons schedules check-in appointments with all employees in the Microbiology Department every few weeks.  Mr. Ammons may have rescheduled the check-in meeting originally scheduled for November 1, 2019.  Except as specifically admitted, Defendant denies the allegations contained in Paragraph 4.66.

LITTLER MENDELSON, P.C.

4.67    Answering Paragraph 4.67 of Plaintiff's Complaint, Defendant admits Ms. Halverson informed him that he had placed the positive panels in the incorrect spot. Except as specifically admitted, Defendant denies each and every allegation in Paragraph 4.67.

4.67.1 Answering Paragraph 4.67.1 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations and denies each and every allegation therein on this basis.

4.67.2 Answering Paragraph 4.67.2 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.68    Answering Paragraph 4.68 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.68.1 Answering Paragraph 4.68.1 of Plaintiff's Complaint, Defendant admits Plaintiff made several errors and that Ms. Halverson, as his trainer, informed him of these mistakes.  Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the specific error identified herein and denies each and every allegation therein on this basis.

4.68.2 Answering Paragraph 4.68.2 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations and denies each and every allegation therein on this basis.

4.68.3 Answering Paragraph 4.68.3 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.69    Answering Paragraph 4.69 of Plaintiff's Complaint, upon information and belief, Defendant admits the allegations contained therein.

4.70    Answering Paragraph 4.70 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations and denies each and every allegation therein on this basis.

ANSWER - 20

1    4.70.1 Answering Paragraph 4.70.1 of Plaintiff's Complaint, Defendant
2 lacks sufficient knowledge or information to form a belief regarding the truth or falsity
3 of the allegations and denies each and every allegation therein on this basis.

4    4.70.2 Answering Paragraph 4.70 of Plaintiff's Complaint, Defendant
5 denies each and every allegation contained therein.

6    4.71   Answering Paragraph 4.71 of Plaintiff's Complaint, Defendant admits that
7 on or around October 23, 2019, Ms. Halverson confronted Plaintiff after she discovered
8 materials were not in the correct spot and that Plaintiff had initialed his name as the
9 Laboratory Assistant who put the materials away. Except as specifically admitted,
10 Defendant denies each and every allegation contained in Paragraph 4.71.

11    4.72   Answering Paragraph 4.72 of Plaintiff's Complaint, Defendant admits that
12 on or around October 24, 2019, Mr. Ammons met with Plaintiff to discuss the
13 termination of his employment within the probationary period due to his poor
14 performance. Except as specifically admitted, Defendant denies each and every
15 allegation contained in Paragraph 4.72.

16    4.72.1 Answering Paragraph 4.72.1 of Plaintiff's Complaint, Defendant
17 admits Mr. Ammons explained to Plaintiff that his employment was terminated due to
18 the reoccurring errors he had made since his hiring. Except as specifically admitted,
19 Defendant denies each and every allegation contained in Paragraph 4.72.1.

20    4.72.2 Answering Paragraph 4.72.2 of Plaintiff's Complaint, Defendant
21 admits Mr. Ammons asked for Plaintiff's badge because he was terminating his
22 employment.

23    4.72.3 Answering Paragraph 4.72.3 of Plaintiff's Complaint, Defendant
24 admits the allegations contained therein.

25

26

ANSWER - 21

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

4.72.4 Answering Paragraph 4.72.4 of Plaintiff's Complaint, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations and denies each and every allegation on this basis.

4.72.5 Answering Paragraph 4.72.5 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.73    Answering Paragraph 4.73 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.73.1 Answering Paragraph 4.73.1 of Plaintiff's Complaint, Defendant admits Mr. Ammons instructed Plaintiff to use the certified thermometer.  Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 4.73.1.

4.74    Answering Paragraph 4.74 of Plaintiff's Complaint, Defendant admits that on or around October 24, 2019, Plaintiff met with Mr. Ammons, Roy Rangle (HR Business Partner), and a union steward.  During the meeting Mr. Ammons reiterated that Providence was terminating Plaintiff's employment.  Plaintiff then spoke with Mr. Rangle and the union steward privately, without Mr. Ammons present.  During that conversation, Plaintiff first complained that Ms. Halverson, another Laboratory Assistant, had discriminated against him.  Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 4.74.

4.75    Answering Paragraph 4.75 of Plaintiff's Complaint, Defendant admits that after Plaintiff made his complaint to HR, Mr. Rangle informed him that he would be conducting an investigation into his allegations and that Plaintiff would be placed on leave during the investigation. Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 4.75.

ANSWER - 22

1    4.76    Answering Paragraph 4.76 of Plaintiff's Complaint, Defendant lacks

2    sufficient knowledge to form a belief as to the truth or falsity of the allegations and

3    therefore denies each and every allegation on this basis.

4    4.76.1 Answering Paragraph 4.76.1 of Plaintiff's Complaint, Defendant

5    admits that in 2019 it was in the process of collective bargaining with the Washington

6    State Nurses Association (WSNA), SEIU 1199NW, and the United Food and

7    Commercial Workers International Union 21 (UFCW Local 21). Except as specifically

8    admitted, Defendant denies each and every allegation contained in Paragraph 4.76.1.

9    4.76.2 Answering Paragraph 4.76.2 of Plaintiff's Complaint, Defendant

10   admits employee benefits was one subject matter up for negotiation.    Except as

11   specifically admitted, Defendant denies each and every allegation contained in

12   Paragraph 4.76.2.

13   4.76.3 Answering Paragraph 4.76.3 of Plaintiff's Complaint, Defendant

14   denies each and every allegation contained therein.

15   4.77    Answering Paragraph 4.77 of Plaintiff's Complaint, Defendant admits that

16   while Plaintiff was on administrative leave pending the investigation, Mr. Rangle

17   performed an investigation and spoke with several employees within the Microbiology

18   Department. After conducting the investigation, Mr. Rangle was unable to substantiate

19   Plaintiff's allegations of discrimination. Mr. Rangle communicated his findings to

20   Plaintiff.   Except as specifically admitted, Defendant denies each and every allegation

21   contained in Paragraph 4.77.

22   4.77.1 Answering Paragraph 4.77.1 of Plaintiff's Complaint, Defendant

23   admits that as part of Mr. Rangle's investigation he interviewed several new hires in the

24   Microbiology Department and was unable to substantiate Plaintiff's allegations

25   regarding discrimination. Defendant further admits that Mr. Rangle communicated his

26

ANSWER - 23

investigation findings to Plaintiff. Except as specifically admitted, Defendant denies each and every allegation in Paragraph 4.77.1.

4.77.2 Answering Paragraph 4.77.2 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.77.3 Answering Paragraph 4.77.3 of Plaintiff's Complaint, Defendant admits Mr. Rangle informed Plaintiff he would be communicating his investigation findings to management, who would make the ultimate decision regarding the status of his employment. Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 4.77.3.

4.77.4 Answering Paragraph 4.77.4 of Plaintiff's Complaint, Defendant denies each and every allegation contained in Paragraph 4.77.4.

4.77.5 Answering Paragraph 4.77.5 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.77.6 Answering Paragraph 4.77.6 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.77.7 Answering Paragraph 4.77.7 of Plaintiff's Complaint, Defendant admits Mr. Rangle informed Plaintiff that Providence generally does not contest unemployment for employees who are not employed at the end of their probationary period. Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 4.77.7.

4.78    Answering Paragraph 4.78 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.79    Answering Paragraph 4.79 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.80    Answering Paragraph 4.80 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

ANSWER - 24

4.81    Answering Paragraph 4.81 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.82    Answering Paragraph 4.82 of Plaintiff's Complaint, Defendant admits Ms. Halverson instructed him to add an Aerobic blood bottle for an abdominal source culture.  Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 4.82.

4.83    Answering Paragraph 4.83 of Plaintiff's Complaint, Defendant admits Ms. Halverson witnessed Bryan Knowles, another Laboratory Assistant, say "what's up Holmes" to several employees when he entered the laboratory.  Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 4.83.

4.83.1 Answering Paragraph 4.83.1 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

4.84    Answering Paragraph 4.84 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.85    Answering Paragraph 4.85 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.86    Answering Paragraph 4.86 of Plaintiff's Complaint, Defendant admits Plaintiff informed Mr. Ammons regarding discrepancies between the laboratory binder and verbal instructions.  Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 4.86.

4.86.1 Answering Paragraph 4.86.1 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.87    Answering Paragraph 4.87 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.88    Answering Paragraph 4.88 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

ANSWER - 25

4.89   Answering Paragraph 4.89 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

4.89.1 Answering Paragraph 4.89.1 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.90   Answering Paragraph 4.90 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.91   Answering Paragraph 4.91 of Plaintiff's Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations and therefore denies each and every allegation contained therein.

4.92   Answering Paragraph 4.92 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

4.93   Answering Paragraph 4.93 of Plaintiff's Complaint, this Paragraph provides insufficient information regarding the version of the "UFCW CBA" to which it refers.  As such, Defendant denies any quote thereto on this basis.  Defendant further denies each and every allegation contained in Paragraph 4.93.

4.94   Answering Paragraph 4.94 of Plaintiff's Complaint, this Paragraph provides insufficient information regarding the version of the "UFCW CBA" to which it refers.  As such, Defendant denies any quote thereto on this basis.  Defendant further denies each and every allegation contained in Paragraph 4.94.

4.95   Answering Paragraph 4.95 of Plaintiff's Complaint, this Paragraph provides insufficient information regarding the version of the "UFCW CBA" to which it refers.  As such, Defendant denies each and every allegation contained in Paragraph 4.95.

4.95.1 Answering Paragraph 4.95.1 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

LITTLER MENDELSON, P.C.

4.95.2 Answering Paragraph 4.95.2 of Plaintiff's Complaint, this Paragraph provides insufficient information regarding the version of the "CBA" to which it refers.  As such, Defendant denies any quote thereto on this basis.  Defendant further denies each and every allegation contained in Paragraph 4.95.2.

4.96    Answering Paragraph 4.96 of Plaintiff's Complaint, this Paragraph provides insufficient information regarding the version of the "CBA" to which it refers.  As such, Defendant denies any quote thereto on this basis.  Defendant further denies each and every other allegation contained in Paragraph 4.96.

4.97    Answering Paragraph 4.97 of Plaintiff's Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations regarding his post-termination employment and therefore denies the allegations regarding Plaintiff's business on that basis.  Defendant further denies each and every other allegation in Paragraph 4.97.

4.98    Answering Paragraph 4.98 of Plaintiff's Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations regarding Plaintiff's neighbor(s) and therefore denies the allegations regarding his neighbor(s) on that basis.  Defendant denies each and every other allegation contained in Paragraph 4.98.

4.99    Answering Paragraph 4.99 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

**WASHINGTON STATE LAW CAUSES OF ACTION:**

**V.    CAUSE OF ACTION FOR VIOLATIONS OF THE WASHINGTON LAW AGAINST DISCRIMINATION: RCW 49.60, et seq.**

5.1    Answering Paragraph 5.1 of Plaintiff's Complaint, Defendant does not deny the U.S. District Court for the Eastern District of Washington at Spokane has

ANSWER - 27

1    subject matter jurisdiction over Plaintiff's claims. Except as specifically admitted,
2    Defendant denies each and every allegation contained in Paragraph 5.1.

3        5.2    Answering Paragraph 5.2 of Plaintiff's Complaint, this Paragraph contains
4    a legal conclusion to which no response is required.

5        5.3    Answering Paragraph 5.3 of Plaintiff's Complaint, Defendant denies that
6    PSHMC employed approximately 4,000 employees in 2019, and affirmatively states
7    that it currently employs about 5,600 employees.  Defendant further admits that the
8    Providence Health & Services organization employs more employees across multiple
9    states.  Except as specifically admitted, Defendant denies each and every allegation
10   contained in Paragraph 5.3.

11       5.4    Answering Paragraph 5.4 of Plaintiff's Complaint, Defendant denies each
12   and every allegation contained in Paragraph 5.4.

13   ## VI.    RETALIATION/WRONGFUL DISCHARGE IN VIOLATION OF
14   ## PUBLIC POLICY

15       6.1    Answering Paragraph 6.1 of Plaintiff's Complaint, Defendant incorporates
16   by reference its answers to Paragraphs 1A through 5.4. Defendant further responds that
17   this Paragraph contains a legal conclusion to which no response is required.  To the
18   extent a response is required, RCW 49.60.010 speaks for itself.

19   ## VII.    TORTIOUS INTERFERENCE

20       7.1    Answering Paragraph 7.1 of Plaintiff's Complaint, Defendant responds
21   this Paragraph contains a legal conclusion to which no response is required. To the
22   extent a response is required, Defendant denies each and every allegation contained in
23   Paragraph 7.1.

24       7.1.1  Answering Paragraph 7.1.1 of Plaintiff's Complaint, Defendant
25   denies each and every allegation contained in Paragraph 7.1.1.

26

ANSWER - 28

7.1.2 Answering Paragraph 7.1.2 of Plaintiff's Complaint, Defendant denies each and every allegation contained in Paragraph 7.1.2.

7.1.3 Answering Paragraph 7.1.3 of Plaintiff's Complaint, Defendant denies each and every allegation contained in Paragraph 7.1.3.

7.1.4 Answering Paragraph 7.1.4 of Plaintiff's Complaint, Defendant denies each and every allegation contained in Paragraph 7.1.4.

7.1.5 Answering Paragraph 7.1.5 of Plaintiff's Complaint, Defendant denies each and every allegation contained in Paragraph 7.1.5.

**VIII.    CAUSE OF ACTION FOR VIOLATIONS OF RCW AND WAC LAWS**

8.1 Answering Paragraph 8.1 of Plaintiff's Complaint, Defendant responds that this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein.

**FEDERAL CAUSES OF ACTION:**

**IX.    CAUSE OF ACTION FOR VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED et seq.**

9.1 Answering Paragraph 9.1 of Plaintiff's Complaint, Defendant incorporates by reference its answers to Paragraphs 1A through 8.1. Defendant further responds that this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 9.1.

**X.    CLINICAL LABORATORY IMPROVEMENT AMENDMENTS (CLIA) 42 CFW § 493**

10.1 Answering Paragraph 10.1 of Plaintiff's Complaint, Defendant responds that this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, 42 CFR § 493.1242 speaks for itself.

ANSWER - 29

10.2    Answering Paragraph 10.2 of Plaintiff's Complaint, Defendant responds that this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, 42 CFR § 493.1242 speaks for itself.

10.2.1 Answering Paragraph 10.2.1 of Plaintiff's Complaint, Defendant responds that this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, 42 CFR § 493.1200 speaks for itself.

10.2.2 Answering Paragraph 10.2.2 of Plaintiff's Complaint, Defendant responds that this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, 42 CFR § 493.1200 speaks for itself.

10.2.3 Answering Paragraph 10.2.3 of Plaintiff's Complaint, Defendant responds that this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, 42 CFR § 493.1239 speaks for itself.

10.2.4 Answering Paragraph 10.2.4 of Plaintiff's Complaint, Defendant responds that this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, 42 CFR § 493.1251 speaks for itself.

## XI.    THE WEINGARTEN RULE

11.1    Answering Paragraph 11.1 of Plaintiff's Complaint, Defendant responds that this Paragraph contains a legal conclusion to which no response is required.

11.2    Answering Paragraph 11.2 of Plaintiff's Complaint, Defendant denies each and every allegation contained in Paragraph 11.2.

## XII.    RELIEF REQUESTED

12.1    Answering Paragraph 12.1 of Plaintiff's Complaint, Defendant incorporates by reference its answers to Paragraphs 1A through 11.2

12.2    Answering Paragraph 12.2, including subsections 12.2.1 through 12.2.7 of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to the relief requested or any relief of any kind in this lawsuit.

ANSWER - 30

1

## XIII.    DEMAND FOR JURY TRIAL

2          13.1    Answering Paragraph 13.1 of Plaintiff's Complaint, Defendant admits that

3    Plaintiff has demanded a jury trial.  To the extent Paragraph 13.1 of the Complaint

4    contains any other allegations, Defendant denies each and every such allegation

5    contained therein.

6                    <u>**DEFENSES AND AFFIRMATIVE DEFENSES**</u>

7          Defendant asserts the following separately numbered defenses and affirmative

8    defenses without assuming any burden of proof that it does not have as a matter of law:

9          1.    Plaintiff's Amended Complaint fails to state a cause of action or claim

10   upon which relief can be granted, or for which the damages sought may be awarded.

11         2.    Plaintiff's claims are barred in whole or in part by applicable statutes of

12   limitation.

13         3.    Plaintiff's claims are barred if and to the extent they are based on matters

14   that were not included in the underlying Charge(s) of Discrimination or were not

15   otherwise administratively exhausted.

16         4.    Defendant denies that it engaged in any wrongful conduct and denies that

17   Plaintiff is entitled to any legal or equitable relief.

18         5.    Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver,

19   laches, ratification, estoppel, and/or unclean hands.

20         6.    Plaintiff's claims are barred in whole or in part because Defendant acted

21   reasonably, lawfully, and in good faith, and not willfully or with any intent to deprive

22   Plaintiff of any rights or protections to which he was entitled under the law.

23         7.    Any and all actions Defendant took with respect to Plaintiff were done for

24   legitimate, non-discriminatory, and non-retaliatory business reasons.

25

26

ANSWER - 31

8.    The challenged actions about which Plaintiff complains would still have been taken, notwithstanding any of Plaintiff's factual allegations, for legitimate and non-discriminatory, non-retaliatory reasons.

9.    To the extent Plaintiff has failed to mitigate damages, if any, such damages should be reduced accordingly.

10.    Plaintiff's alleged damages, if any, were caused by his own acts or omissions, or the acts or omissions of a third party, and should be reduced or denied accordingly.

11.    Defendant asserts that if, during the course of this litigation, it acquires any evidence of Plaintiff's wrongdoing, which would have materially affected the terms and conditions of his employment or would have resulted in him being demoted, disciplined, or terminated, such after-acquired evidence shall bar his claims of liability or damages or shall reduce such claims as provided by law.  Defendant asserts that Plaintiff's already-known violations of Defendant's policies already provide such evidence.

12.    Any unlawful or other wrongful acts, if any, taken by any of the officers, directors, supervisors, or employees of Defendant were outside the scope of his/her authority and such acts, if any, were not authorized, ratified or condoned by Defendant, nor did Defendant know nor should it have known of such conduct.

13.    Plaintiff's Complaint fails to identify a clear public policy that can support his common law claim for wrongful discharge in violation of public policy, and the claim must be dismissed on that basis.

14.    Plaintiff's Complaint fails to allege how a clear public policy is or was jeopardized by the termination of Plaintiff's employment by Defendant, or any of Defendant's other actions, and his claim for wrongful discharge in violation of public policy must be dismissed on that basis.

ANSWER - 32

15.    Plaintiff fails to identify any legitimate business expectancy that can support his claim for tortious interference, and his claim must be dismissed on that basis.

16.    Plaintiff fails to allege the elements of any valid contractual relationship that can provide the basis for his claim for tortious interference, and his claim must be dismissed on that basis.

17.    Plaintiff's employment was at all times on an at-will basis, and accordingly no claim for breach of contract is cognizable based on the termination of that employment relationship by Defendant.

18.    Defendant was not the proximate or actual cause of the damage alleged by Plaintiff.

19.    At all times relevant to the allegations in Plaintiff's Complaint, Defendant exercised reasonable care to prevent and correct any discriminatory or harassing behavior. Defendant had an effective policy in place for the prevention and correction of unlawful harassment and discrimination. Notwithstanding the existence of this policy, Plaintiff unreasonably failed to utilize it in connection with some or all of the allegations asserted herein.

20.    Defendant effectively maintains and publicizes policies prohibiting discrimination and retaliation in the workplace, and trains its employees and supervisors to comply with those policies.  Accordingly, Plaintiff is not entitled to recover punitive damages.

21.    Defendant's legitimate, non-discriminatory, non-retaliatory reasons for its actions are not pretextual and are entitled to the same actor inference.

22.    Plaintiff's claims, or certain of them, are subject to statutory caps on damages and any damages awarded must be reduced to the level of the caps.

1  　　　　23.　　Plaintiff lacks standing to assert violations by Defendant of 42 C.F.R.
2  § 493 and has otherwise failed to allege a justiciable case or controversy related to this
3  federal regulation.

4  　　　　24.　　Defendant alleges that the claims in Plaintiff's Complaint, in whole or in
5  part, are preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. §
6  185(a).

7  　　　　25.　　Plaintiff's claims are preempted, in whole or in part, by the National Labor
8  Relations Act.

9  　　　　Defendant has not yet completed a thorough investigation and study, or
10  completed discovery, of all facts and circumstances of the subject matter of the
11  Amended Complaint.  Accordingly, Defendant reserves the right to amend, modify,
12  revise or supplement its Answer, and to plead such further defenses and affirmative
13  defenses and take such further actions as it may deem proper and necessary in its
14  defense upon the completion of its investigation and study.

15  　　　　　　　　　　**DEFENDANT'S PRAYER FOR RELIEF**

16  　　　　WHEREFORE, having fully answered Plaintiff's Amended Complaint,
17  Defendant respectfully requests that this Court:

18  　　　　(a)　　Dismiss Plaintiff's Amended Complaint in its entirety;

19  　　　　(b)　　Deny each and every demand, claim and prayer for relief contained in
20  Plaintiff's Amended Complaint;

21  　　　　(c)　　Award to Defendant reasonable attorneys' fees and costs incurred in
22  defending this action; and,

23  (d)　　Grant such other and further relief as this Court may deem just and proper.

24  //
25  //
26  //

ANSWER - 34

1

2    Dated:  December 16, 2020

3

4                                                    *s/ Thomas P. Holt*
                                                    Thomas P. Holt, WSBA #39722
5                                                    tholt@littler.com
                                                    Birgitte M. Gingold, WSBA #50630
6                                                    bgingold@littler.com
                                                    LITTLER MENDELSON, P.C.
7
                                                    Attorneys for Defendants
8                                                    PROVIDENCE HEALTH AND
                                                    SERVICES, PROVIDENCE SACRED
9                                                    HEART MEDICAL CENTER

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ANSWER - 35

1

**CERTIFICATE OF SERVICE**

2        I am a resident of the State of Washington. I am over the age of eighteen years

3    and not a party to the within-entitled action. My business address is One Union Square,

4    600 University Street, Suite 3200, Seattle, Washington 98101.  I hereby certify that on

5    December 16, 2020, I electronically filed the foregoing document with the Clerk of the

6    Court using the CM/ECF system, and caused to be served a copy of this filing via

7    overnight delivery to the following:

8    **Plaintiff Pro Se**

9    James Bullock
     811 W 15th Ave., Apt. A
10   Spokane, WA 99203
     Tel: (509) 280-2359
11

12        I certify under penalty of perjury under the laws of the United States and of the

13   State of Washington that the foregoing is true and correct.

14        Dated this 16th day of December, 2020.

15

16                                      *s/ Karen Fiumano Yun*
                                        Karen Fiumano Yun
17                                      kfiumano@littler.com
                                        **LITTLER MENDELSON, P.C.**
18

19

20

21

22

23

24

25

26

ANSWER - 36